WINCHESTER, J., dissenting:
¶ 1 I join the dissent by the Chief Justice, and add my own observations to this matter. The majority opinion holds that because the defendant church published the fact of the plaintiff's Christian baptism on the World Wide Web, the church is forced to continue to defend a lawsuit and potentially be held responsible for criminal acts, specifically, his alleged kidnapping and torture, committed by third parties in a foreign country against the plaintiff. Our courts recognize a well-established principle of the First Amendment of the Constitution of the United States that the right to free exercise of religion includes the right to be free from governmental intervention unless a contravening compelling state interest in regulation is shown to exist. Whitehorn v. State , 1977 OK CR 65, ¶ 23, 561 P.2d 539, 544 (1977), citing Sherbert v. Verner , 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). Certainly subjecting the defendants to state court action is governmental intervention.
¶ 2 I would deny the motion to rehear this case. The majority opinion opines that this motion to dismiss for lack of subject matter jurisdiction should be treated as one for summary judgment. Then the majority opinion should do so. The 10th Circuit has done just that in Skrzypczak v. Roman Catholic Diocese of Tulsa , 611 F.3d 1238 (10th Cir. 2010).
¶ 3 In the Appellant's Petition for Rehearing he alleges that all of the defendants were aware of the danger of his being murdered by extremists and pledged strict confidentiality; that the appellees were aware the appellant was traveling to an ISIS stronghold in Syria immediately after his baptism; that he was assured that his baptism would be private; and that the appellees chose to publicize the appellant's baptism through the World Wide Web, ensuring its greatest possible distribution and publication.
¶ 4 Mr. Doe searched out this church, and requested to be baptized, but insisted he would not be a member of that church. So, the baptism was done as a favor to Mr. Doe. There appears to be no direct legal benefit to the church. The act was simply a voluntary act of compassion by the minister. I fail to see how a breach of contract could occur when there is no consideration. 12 O.S.2011, § 2(4).
¶ 5 Additionally, I do not see how a tort could have occurred, when the plaintiff had a clear opportunity to avoid a risk that he knew was present. There is no contest of the fact he knew going back to Syria after becoming a Christian would be a great risk to him. He voluntarily exposed himself to the direct cause of his injury with the knowledge and appreciation of the danger and the risk involved.
¶ 6 Accordingly, Mr. Doe's motion for rehearing should be denied.